IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK RISHELL | : | CIVIL ACTION |
| v. | : | |
| RR DONNELLEY & SONS COMPANY | : | NO. 06-4782 |

**MEMORANDUM**

**Baylson, J.**                                                                                              **May 24, 2007**

**I.      Introduction**

      Plaintiff brings this case against his former employer alleging deprivation of his rights under the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA) and the Pennsylvania Human Rights Act (PHRA) as well as a state law claim for defamation.  Currently before this Court is Defendant's Motion to Dismiss Plaintiff's defamation claim, Count IV in Plaintiff's Complaint, filed on January 12, 2007.  On January 26, 2007, Plaintiff filed a response opposing Defendant's Motion and brought a Motion to Amend the Pleadings in order to provide further detail on his defamation claim.  Defendant filed a response on February 12, 2007 opposing Plaintiff's Motion to Amend and arguing that, even as amended, the Complaint fails to state a cause of action for defamation.  For the reasons outlined below, Plaintiff's Motion to Amend will be granted and Defendant's Motion to Dismiss will be denied.

**III.     Legal Standard**

      When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments.  <u>Jordan v. Fox, Rothschild, O'Brien & Frankel</u>, 20 F.3d 1251, 1261 (3d Cir. 1994).  The Court must accept as

true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1420 (3d Cir.1997) (internal quotation omitted).

**IV.   Discussion**

Under the applicable Pennsylvania statute, a plaintiff in an action for defamation has the burden of proving:

(1) The defamatory character of the communication.

(2) Its publication by the defendant.

(3) Its application to the plaintiff.

(4) The understanding by the recipient of its defamatory meaning.

(5) The understanding by the recipient of it as intended to be applied to the plaintiff.

(6) Special harm resulting to the plaintiff from its publication.

(7) Abuse of a conditionally privileged occasion.

42 Pa. Cons. Stat. Ann. § 8343.

In his Amended Complaint, Plaintiff alleges that his employer "falsely accused the plaintiff of 'socially inappropriate behavior' and otherwise implied that the plaintiff engaged in sexual harassment" towards a female co-worker. (Compl. ¶ 24.) According to Plaintiff,

Defendant used this statement as a pretext to terminate him. He claims that his employer then published the falsehood that Plaintiff had engaged in sexual harassment "throughout the Steel Way Plant" and "to third parties that had no right to know." Id. ¶ 24. Plaintiff does not identify these third parties by name but states they include non-management employees and members of the outside community including retired employees of Defendant, Plaintiff's prospective employers and the employees at Y & S Candies in Lancaster, where his wife is employed. Id. ¶ 27. He argues these false statements and accusations have harmed his reputation, impeded his search for other jobs and caused the Plaintiff and his family great distress. Id. ¶ 28.

"Whether a statement can reasonably be construed as defamatory is a question of law for the court to decide." Rockwell v. Allegheny Health, Educ. & Research Found., 19 F. Supp. 2d 401, 404 (E.D. Pa. 1998) (internal citation omitted). In determining whether a statement is defamatory under Pennsylvania law, a court must examine the effect that statement is calculated to produce and "the impression it would naturally engender, in the minds of the average persons among whom it is intended to circulate." Id. at 405 (internal quotation omitted). A statement is defamatory if it "tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him" or if it "ascribes to another conduct, character or condition that would adversely affect his fitness for the proper conduct of his proper business." Maier v. Maretti, 671 A.2d 701, 704 (Pa. Super. Ct. 1996). A statement such as the one alleged here, that plaintiff engaged in harassment or inappropriate behavior, may be defamatory depending on the factual circumstances surrounding it. See, e.g., Rockwell, 19 F. Supp. 2d at 406 (holding statements made to plaintiff's supervisors that plaintiff was having an inappropriate sexual relationship and abused time off policies could be

defamatory).  At least at this stage in the proceedings, the Court will accept the possibly defamatory nature of Defendant's alleged statement.

Defendant argues that Plaintiff's defamation count should be dismissed because the alleged statement that Plaintiff engaged in socially inappropriate behavior is a statement of a "pure opinion" and therefore not actionable.  Under Pennsylvania law, a statement of pure opinion commenting on an individual's conduct, character or qualifications and stating the facts upon which that opinion is based is not actionable while an opinion implying undisclosed facts, known as a "mixed opinion," may constitute actionable defamation. Rockwell, 19 F. Supp. 2d at 406 (finding statements made by defendant constituted an actionable mixed opinion when the opinion was "not founded on any disclosed facts and suggest[ed] the presence of undisclosed immoral activity").  Based on the pleadings, it is not clear whether Defendant's alleged statement was one of pure or mixed opinion.  Making all possible inferences in favor of Plaintiff, he may be able to show that Defendant made a statement that Plaintiff engaged in "socially inappropriate behavior" toward a co-worker without revealing any specific factual basis for that accusation. Id.; cf. Feldman v. Lafayette Green Condo. Ass'n, 806 A.2d 497 (Pa. Commw. Ct. 2002) (holding that statement in letter from condominium association to rental unit owner that owner's behavior constituted "harassment" was incapable of defamatory meaning where letter referred to some of the details of incident forming basis for that opinion).  Therefore, Defendant's argument that Plaintiff's defamation claim should be dismissed because the alleged defamatory statement is pure opinion is rejected.

Defendant further contends that the alleged statement was made in the context of his termination proceedings and is therefore privileged.  Under Pennsylvania law, employers have

"an absolute privilege to publish defamatory matters in notices of dismissal or warning letters." Daywalt v. Montgomery Hosp., 573 A.2d 1116, 1118 (Pa. Super. Ct. 1990); see also Yetter v. Ward Trucking Corp., 585 A.2d 1022, 1024 (Pa. 1991). An employer may lose that privilege if the employer publishes such a statement to unauthorized individuals who do not have a common interest in the decision to discipline or terminate an employee. Yetter, 585 A.2d at 1024; Daywalt, 573 A.2d at 1118-19. It appears from the Amended Complaint that Plaintiff's alleged inappropriate social behavior was Defendant's stated reason for his termination. If that reason had been communicated only to authorized parties and to the Plaintiff himself, the Defendant's statement would be privileged. Plaintiff alleges, however, that the Defendant published the statement to unauthorized parties, which, if proven, would overcome the privilege and meet the publication element.[1] The Court therefore rejects Defendant's argument that Plaintiff's defamation claim should be dismissed on the basis of privilege.

Finally, Defendant argues that Plaintiff's Amended Complaint does not plead defamation with the requisite amount of specificity. The pleading standard governing defamation claims brought in Pennsylvania state court applying Pennsylvania law requires the complaint "on its face, [to] identify specifically what allegedly defamatory statements were made, and to whom they were made." Moses v. McWilliams, 549 A.2d 950, 960 (Pa. Super. Ct. 1988); see also Itri v. Lewis, 422 A.2d 591, 593 (Pa. Super. Ct. 1980). The pleading standard governing Plaintiff's defamation claim in this Court, by contrast, is set out in Federal Rule of Civil Procedure 8(a).

---

[1] Defendant's assertion that "Plaintiff himself is, in all likelihood, the individual who published the alleged defamatory statement to individuals outside Defendant's management team" (Def.'s Opp. Memo. 7), ignores the Rule 12(b)(6) standard. In considering a motion to dismiss, this Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to Plaintiff, not Defendant.

Under this rule, "a defamation plaintiff does not have to plead the precise defamatory statements, nor must she specifically name the person who made the statements."  See Tuman v. Genesis Assocs., 935 F. Supp. 1375, 1391 (E.D. Pa. 1996) (internal quotation omitted); Lynch v. Borough of Ambler, No. 94-6401, 1995 WL 113290, at *6 (E.D. Pa. Mar. 15, 1995).  As long as a defamation count "provides sufficient notice to defendants, it states a claim." Joyce v. Alti Am., Inc., No. 00-5420, 2001 WL 1251489, at *2 (E.D. Pa. Sept. 21, 2001) (quoting Tuman, 935 F. Supp. at 1391).

In his Amended Complaint, Plaintiff maintains that Defendant defamed him by falsely accusing him of engaging in "socially inappropriate behavior" and otherwise implying that Plaintiff had sexually harassed another employee.  As discussed above, in certain circumstances, this statement could be interpreted as defamatory.  While Plaintiff fails to list the individuals to whom this statement was made by name, he does identify specific groups of individuals to whom that statement was published including "retired employees of [Defendant]" and "employees of Y & S Candies."  This allegation offers more specificity than the generic allegations courts have rejected as defective and not meeting the publication element.  See, e.g., Zugarek v. S. Tioga Sch. Dist., 214 F. Supp. 2d 468, 481 (M.D. Pa. 2002) ("several individuals" and "the general public"); Moses, 549 A.2d at 960 ("other persons"); Raneri v. Depolo, 441 A.2d 1373 (Pa. Cmwlth. Ct. 1982) ("third persons").  Although Plaintiff does not identify the individual or individuals who stated that he had engaged in "socially inappropriate behavior" or to whom the statement was made specifically, his pleadings are sufficient to give Defendant notice of the basic nature of his claim and the substance of the defamatory statements he maintains were made.  This is sufficient to meet the notice pleading standard set out in Rule 8(a).

**IV.** **Conclusion**

Making all reasonable factual inferences in favor of the Plaintiff, if Plaintiff is able to prove that a member of Defendant's management team told numerous unauthorized individuals that Plaintiff was being dismissed for engaging in "socially inappropriate behavior" without giving any information about the facts upon which that opinion was based, he may have a claim for defamation under Pennsylvania state law.  Under the liberal pleading requirements set out in the Federal Rules of Civil Procedure, these allegations state a claim for defamation. Accordingly, Defendant's Motion to Dismiss Count IV of Plaintiff's Complaint is denied, and Plaintiff's Motion to Amend the Pleadings is granted.

An appropriate Order follows.

A:\Rishell v. Donnelly, 06-4782 MTD Opinion.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK RISHELL | : | CIVIL ACTION |
| v. | : | |
| RR DONNELLEY & SONS COMPANY | : | NO. 06-4782 |

## **ORDER**

AND NOW, this 24th day of May, 2007, for the reasons stated in the foregoing Memorandum, it is hereby ORDERED that Defendant's Motion to Dismiss Count IV of Plaintiff's Complaint (Doc. No. 4) is DENIED, and Plaintiff's Motion to Amend Pleadings (Doc. No. 7) is GRANTED.

BY THE COURT:

  /s/ Michael M. Baylson
Michael M. Baylson, U.S.D.J.

A:\Rishell v. Donnelly, 06-4782 MTD Opinion.wpd